IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:19-CV-70 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R") to dismiss petitioner's habeas corpus petition as untimely and deny a Certificate of Appealability, Dkt. No. 15. The Court is in receipt of Petitioner Samuel G. Martinez's ("Martinez") Objections, Dkt. No. 17. For the following reasons, the Court **ADOPTS** the M&R, Dkt. No. 15.

## I. Background

Martinez's habeas petition under 28 U.S.C. § 2254 was filed March 4, 2019. Dkt. No. 1. Judgment and sentence in his underlying state court case was imposed November, 17, 2008. Dkt. No. 13-7 at 135. After a Texas court of appeals affirmed the conviction in 2010, the conviction became final on March 27, 2010. Dkt. Nos. 13-5 at 4; 15 at 6-7. Martinez's state habeas petition was filed February 23, 2017. Dkt. No. 13-9 at 20.

## II. M&R

The Magistrate Judge recommends dismissing Martinez's habeas petition because his 2019 petition was eight years outside the one-year statute of limitations period and no equitable tolling applies. Dkt. No. 15 at 7; *see* 28 U.S.C. § 2244(d)(1)(A). In reaching this recommendation the M&R noted:

> "Martinez does not indicate the date on which he placed his petition in the prison mail system. (See D.E. 1 at 10, 17). Thus, he is not entitled to application of the mailbox rule. See *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

Dkt. No. 15 at 1.

Neither *Spotville* nor Rule 3 stand for the proposition that failure to indicate when a petition was placed in the prison mail system makes the petitioner not "entitled" to the law of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998); Rules Governing § 2254 Cases, Rule 3, 28 U.S.C.A. foll. § 2254.

*Spotville* holds that a habeas petition is deemed filed when it is handed over to prison authorities for mailing. *Spotville*, 149 F.3d at 376, 378. Rule 3 states:

> **(d) Inmate Filing.** A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rules Governing § 2254 Cases, Rule 3, 28 U.S.C.A. foll. § 2254.

This establishes that the prison mail system must be used to receive the benefit of the rule and it states methods that may be used for establishing the timely filing date. *Id.* No clause revokes the mailbox rule in the absence of an indication of the date the petition was placed in the mail. *See id.* Accordingly, the Court **DECLINES TO ADOPT** this statement of law on the mailbox rule. *See* Dkt. No. 15 at 1.

Because petitioner's filing is many years outside the statute of limitations period, the mailbox rule does not impact the untimeliness of the petition and the conclusion of the M&R. *See Spotville*, 149 F.3d at 376, 378; Dkt. No. 15 at 7.

### III. Objections

The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987). Most of Martinez's objections to the M&R are frivolous and irrelevant to the legal question in the M&R. *See* Dkt. No. 17. Martinez does raise an actual innocence claim to the statute of limitations. Dkt. No. 17 at 3.

Proof of actual innocence serves as a gateway through which a petitioner can still pursue a habeas action on the merits when it would otherwise be barred by the statue of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). This actual innocence gateway should only open when a petitioner presents evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 401. Actual innocence is established by demonstrating, that in light of newly-discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A claim of actual innocence needs to be supported by "new reliable evidence" such as scientific, eyewitness or physical evidence not presented at trial. *Id.* at 323.

In Martinez's objections he only asserts his innocence and restates the inconsistencies of an eyewitness's testimony that were already presented at trial at length. Dkt. Nos. 17 at 1, 13-6 at 44, p. 66. Because Martinez does not present newly discovered evidence the Court concludes the proof of actual innocence gateway does not apply. *See id.*; *Schlup*, 513 U.S. at 327.

## IV. Conclusion

After independently reviewing the record and considering the applicable law, the Court **ADOPTS** the Memorandum and Recommendation, Dkt. No. 15. The Court **OVERRULES** Martinez's objections, Dkt. No. 17. The Court hereby:

- **GRANTS** respondent's motion for summary judgment, Dkt. No. 12
- **DISMISSES** Martinez's habeas corpus petition as untimely, Dkt. No. 1
- **DENIES** a request for a Certificate of Appealability.

The Court will direct entry of final judgment separately.

SIGNED this 29th day of January, 2020.

_____
Hilda Tagle
Senior United States District Judge